UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYALTON MCCAMEY, | Case No. 1:25-cV-01561-JLT-HBK |
| Plaintiff, | SCREENING ORDER |
| v. | DECEMBER 15, 2025 DEADLINE |
| GOOGLE, ALAMEDA NEWS GROUP, | |
| Defendants. | |

Plaintiff, Royalton McCamey, who is proceeding pro se and *in forma pauperis* initiated this action on November 14, 2025, by filing a form "Complaint for a Civil Case." (Doc. No. 1, "complaint"). Plaintiff's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.     Screening Requirement**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*). A complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v.*

*Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**II.     Summary of Complaint**

The complaint names the following Defendants: (1) Google; and (2) Alameda News Group. (*Id*. at 2).[1] The "Job," or "Title," for each Defendant is not stated. (*Id*). Nor does Plaintiff provide an address for either Defendant. (*Id*.). Under the "Basis of Jurisdiction" section of the complaint, Plaintiff checks "federal question." (*Id*. at 3). When requested to list the "Basis

---

[1] The Court refers to the CMECF page numbers of the complaint. In this case, the CMECF page numbers correspond to the same page numbers on the complaint.

1  for Jurisdiction" for "Federal Question," Plaintiff states "Google." (*Id*. at 4). Plaintiff leaves the
2  Statement of Claim blank. (*Id*. at 5). As relief, Plaintiff states "Crime I didn't commit." (*Id*. at
3  6).

4  **III.     Analysis**

5  As an initial matter, "[c]ourts have an independent obligation to determine whether
6  subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559
7  U.S. 77, 94 (2010). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff
8  bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v.
9  Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or absence of federal question
10 jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal
11 jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly
12 pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). If a federal court lacks
13 subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

14 Plaintiff checks that his claim is based on a federal question. A federal question is
15 presented in an action "arising under the Constitution, laws, or treaties of the United States." 28
16 U.S.C. § 1331. Plaintiff, however, does not identify a specific federal question upon which this
17 case is based. To the extent discernable, Plaintiff appears to challenge a prior prosecution that
18 may have resulted in a deprivation to his liberty. However, both Defendants are private
19 companies and cannot be deemed to have caused any deprivation while acting under "color of
20 state law."

21 Moreover, the complaint contains no facts pertaining to either Defendant. Other than
22 identifying the Defendants under the list of Defendants, neither individual Defendant is named
23 anywhere in the Complaint. Indeed, the Complaint is blank. For these reasons, Plaintiff's
24 Complaint does not comply with the requirements of Federal Rule of Civil Procedure 8(a)(2).

25 **IV.     Conclusion and Options**

26 To continue the prosecution of this action, Plaintiff must take one of the following three
27 options within twenty-one (21) days of the date on this Order.

28 **First Option**: Because Plaintiff is pro se and the Court cannot determine that the filing of

an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. Fed. R. Civ. P. 15(a)(2); Lopez *v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220. Plaintiff should bear in mind when amending the complaint that he must assert a basis for federal jurisdiction. Plaintiff should also consider whether he has pursued this action in the proper venue. Plaintiff's address is in Oakland, which is in the Northern District of California. Because the complaint contains no allegations, the Court is unable to determine whether venue is proper. Plaintiff should consult 28 U.S.C. § 1391 to ascertain the proper venue.[2] Each claim and the involvement of each defendant must be sufficiently alleged. In addition, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). The amended complaint should be titled "First Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury.

**Second Option**: Plaintiff may file a Notice stating he intends to stand on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order.

**Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1).

Alternatively, if Plaintiff fails to timely respond to this Order, *i.e.*, fails to perform any of

---

[2] As to venue, a case may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.

Accordingly, it is **ORDERED**:

1. **On or before December 15, 2025**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court to dismiss certain claims and Defendants for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:     November 20, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE